IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHNNY C. EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00638-O-BP |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Johnny C. Evans ("Plaintiff") has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Johnny C. Evans is the Plaintiff. In the complaint, Plaintiff lists as defendants the State of Texas, and Tarrant County, Texas. ECF No. 1.

C.   LEGAL ANALYSIS

  1.   Background

This case was filed by *pro se* party Johnny C. Evans, listing his address as 5710 Wales Street, San Antonio, Texas. Research reveals that a Johnny C. Evans (aka "Johnny Choo Choo Evans") has previously been sanctioned in federal court under the name Johnny C. Evans. In this

regard, the Court recites the following order of the United States District Court for the Western District of Texas, San Antonio Division, dismissing Evans's claims and imposing a prior sanction upon Plaintiff:

> It is further ORDERED that court costs in the amount of one hundred twenty dollars ($120.00) are assessed against plaintiff pursuant to Title 28 U.S.C. § 1915(e) and that Plaintiff shall pay such sum into the registry of this Court immediately; pending compliance by plaintiff with this directive, plaintiff is BARRED from filing any lawsuit in this Court and from filing any lawsuit in any other court that is removable or transferable to this Court without first obtaining express written permission for the filing of same from a sitting District Judge of this Court or an active duty Circuit Judge of the Fifth Circuit.

*Evans v. Ward*, No. 5:94-cv-885-OLG (W.D. Tex. Dec. 28, 1994). This sanction imposed in 1994 was more recently enforced to dismiss another case filed by Evans in 2003, then listing the 5710 Wales Street address in San Antonio, Texas. *See Johnny Choo Choo Evans, Jr. v. City of San Antonio*, No. 5:03-cv-1172-FV (W.D. Tex. Dec. 5, 2003). In that case, the court imposed the above-referenced sanction bar noting: "Because plaintiff [Evans] has failed to comply with Judge Garcia's previous order [from case number 5:94-cv-885-OLG] he is barred from bringing this action. Accordingly, it is hereby ORDERD that the above-styled and numbered cause is DISMISSED WITHOUT PREJUDICE to refiling upon compliance with the Court's previous order." *See* Order of Dismissal, *Johnny Choo Choo Evans, Jr. v. City of San Antonio*, No. 5:03-cv-1172-FV (W.D. Tex. Dec. 5, 2003).[1]

    2.    Judicial Notice of Filing Restrictions

The Court finds instructive the analysis of another district court in enforcing a sanction bar to deny a motion for leave to file a new suit by a *pro se* petitioner who had failed to show compliance with a prior sanction order from another court:

---

[1] This court takes judicial notice of the docket, records, and orders of the United States District Court for the Western District of Texas in *Evans v. City of San Antonio*, No. 5:03-cv-1172-FB (W.D. Tex. Dec. 5, 2003) and *Evans v. Ward*, No. 5:94-cv-885-OLG (W.D. Tex. Dec. 28, 1994). *See* Fed. R. Evid. 201(b)(2) and (c)(1).

>The Fifth Circuit has held that a federal district court may enforce the sanction order of another federal district court. *Balawajder v. Scott*, 160 F.3d 1066, 1067-1068 (5th Cir.1998) (citing *Umar v. McVea*, 81 F.3d 157 (5th Cir.1996) (affirming the Southern District's policy of enforcing sanctions imposed by other Texas federal district courts); *Murphy v. Scott*, 56 F.3d 1385 (5th Cir.1995) (authorizing the Eastern District to honor sanctions imposed against *pro se* prisoners by other federal district courts); *Clark v. United States*, 52 F.3d 1066 (5th Cir.1995) (affirming Northern District's application of 'Miscellaneous Order No. 48, which permits "each federal district court in Texas [to] honor the sanctions imposed by another federal court in Texas"'")). In light of Petitioner's failure to pay numerous monetary sanctions imposed by various federal courts, this Court declines to grant Petitioner's motion for leave to file a petition for writ of habeas corpus and to proceed *in forma pauperis*.

*Whitfield v. Quarterman*, Misc. No. C-08-2, 2008 WL 362463, at *2 (S.D. Tex. Feb. 8, 2008). The United States Court of Appeals for the Fifth Circuit reaffirmed that a "district court may enforce a sanction order imposed by another court . . . and the enforcement of sanction orders does not deprive a litigant of his right of access to courts." *Sparkman v. Charles Schwab & Co.*, 336 F. App'x 413, 415 (5th Cir. 2008) (citing *Balawajder*, 160 F.3d at 1067-68 and *Lewis v. Casey*, 518 U.S. 343, 355-56 (1996)). The Fifth Circuit went on to explain that the underlying justification for imposing another court's sanction was the doctrine of judicial notice:

>One court may take judicial notice of another district court's judicial actions. *Gray ex rel. Rudd v. Beverly Enters. Miss., Inc.*, 390 F.3d 400, 408 n. 7 (5th Cir.2004). The district court correctly took judicial notice of Sparkman's easily obtainable record of litigation in the Eastern District and the unpaid sanctions imposed on him in that district. The district court also correctly took judicial notice of Sparkman's record of litigation in this court and the sanctions we imposed on him.

*Sparkman*, 336 F. App'x at 415.

Here, the sanction order issued against Johnny C. Evans (aka "Johnny Choo Choo Evans, Jr.") requires that Evans show the $120.00 monetary sanction order has been paid/satisfied, or he is barred from filing any "lawsuit . . . without obtaining express written permission for the filing of same from a sitting" district judge of the Western District of Texas or circuit judge of the Fifth Circuit. *See* Order of Dismissal, *Evans v. City of San Antonio*, No. 5:03-cv-1172-FV (W.D. Tex.

Dec. 5, 2003) (citing *Evans v. Ward*, No.5:94-cv-885-OLG (W.D. Tex. Dec. 28, 1994)). Plaintiff was on notice that these orders of the Western District of Texas could be employed to limit his ability to file a new lawsuit without providing proof of satisfaction of the monetary sanction, or without obtaining express written permission to file a new suit. There is no indication in the record of this case or the cited cases from the Western District of Texas that Evans has either paid the filing fee from the earlier case or obtained the requisite judicial permission before filing this case.

This Court can take judicial notice of the bar-to-filing order and the Western District's previous enforcement of the order as a basis for dismissing prior suits filed by Evans. *See supra* note 1. Taking judicial notice of the express language of the bar-to-filing order previously imposed against Evans, and his knowledge that the filing restriction had been imposed to bar a new suit filing, United States District Judge Reed O'Connor should dismiss this case for Evan's failure to comply with the prior orders imposed in the Western District of Texas.

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that Judge O'Connor **DISMISS** this case without prejudice to refiling for failing to comply with the sanction order previously imposed against Evans.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a

proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on August 2, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE